IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| DAMON WILLIS | |
|---|---|
| Plaintiff, | No. 13-CV-4112-DEO |
| vs. | INITIAL REVIEW ORDER |
| CHARLES PALMER, JASON SMITH, TRACY THOMAS, ROXANNA TROSS, ERVING WHITEHEAD, BRYON KELLEY, EVERETT FOWLER, MIKE MCDONALD, MIKE DORNACK | |
| Defendants. | |

## I. INTRODUCTION AND BACKGROUND

This matter is currently before the Court on Damon Willis' [hereinafter Mr. Willis] 42 U.S.C. Section 1983 Complaint. The Plaintiff is an involuntarily committed patient at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[1]

## II. IN FORMA PAUPERIS

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a). The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other

---

[1] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited December 23, 2013.

Court costs. 28 U.S.C. § 1915(a)(1). Prisoners must meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. Id. However, CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators."[2] Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners. They are civilly committed patients who suffer from a "mental abnormality." I.C.A. § 229A (generally); I.C.A. § 229A.2(11). Accordingly, individuals held due to civil commitment under I.C.A. § 229A are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). See Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001), stating that those committed to state hospitals are not prisoners as defined under 28 U.S.C. § 1915; Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982), stating that individuals

---

[2] Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited December 23, 2013.

who are involuntarily committed "are entitled to more considerate treatment than criminals whose conditions of confinement are designed to punish;" and <u>Michau v. Charleston County, S.C.</u>, 434 F.3d 725 (4th Cir. 2006), *cert. denied* <u>Michau v. Charleston County, S.C.</u>, 126 S. Ct. 2936 (2006), stating that:

> [h]owever, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. ... see also <u>Kansas v. Hendricks</u>, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme).[3] Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner].[4] See ... <u>Page v. Torrey</u>, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (concluding that a person detained under state's civil sexually violent predator act is not a prisoner within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

<u>Id.</u> at 727-28. (Some internal citations omitted.)

In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[5] with the

---

[3] SVPA stands for Sexually Violent Predator Act.
[4] PLRA stands for Prison Litigation Reform Act.
[5] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th

3

following statements: (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). Mr. Willis has failed to file an affidavit that complies with the above rules. Accordingly, the Court cannot grant him in forma pauperis status. Mr. Willis will have 45 days to file an application to proceed in forma pauperis that complies with the above rules or his Complaint will be dismissed.

## III. 12-CV-4086-DEO

Finally, the Court notes Mr. Willis is one of the named Plaintiffs in a currently pending case, 12-CV-4086-DEO. In that case, Mr. Willis is represented by attorneys Jay Denne and Robert Tiefenthaler. The Complaint in 12-CV-4086-DEO raises claims that are similar to Mr. Willis' present pro se pleading. Specifically, in both, Mr. Willis argues that CCUSO is violating I.C.A. § 229A and I.C.A. Chapter 17A in the implementation of its transitional release program. Accordingly, the Court advises Mr. Willis that it is unlikely

---

ed. 2009), affidavit.

that the Court will allow him to proceed in two cases that argue essentially the same thing.[6] Mr. Willis should speak with his attorneys in 12-CV-4086-DEO before filing any further pro se pleadings in this case, when such filings could potentially prejudice his position in 12-CV-4086-DEO.

IV. **CONCLUSION**

For the reasons set out above, Mr. Willis has 45 days to file an application to proceed in forma pauperis. If Mr. Willis does not file an application to proceed in forma pauperis within 45 days, this Complaint will be dismissed without prejudice. A copy of this ORDER and the proposed

---

[6] Also, to the extent Mr. Willis argues that CCUSO has denied him the ability to have adult relations with his girlfriend, the Court notes that such a claim is unlikely to prevail. See 12-CV-4079-DEO, Docket No. 5. In that case, CCUSO residents filed suit arguing they should be allowed to correspond with an "adult" pen-pal service. This Court stated, "a facility has an interest in assuring that the objectives of their therapy sessions are not thwarted... The Plaintiffs are sexually violent predators. They hope to start up adult correspondence through a service designed to do just that. It seems reasonable to the Court that prohibiting such correspondence is within the discretion of those making therapy decisions. Accordingly, even assuming the Defendant prohibited the Plaintiffs from communicating with the aforementioned service, that prohibition does not give rise to a cause of action under 42 U.S.C. § 1983." Id. at 11. The Court assumes, without deciding, that the same rational would apply to a claim that CCUSO has denied Mr. Willis the opportunity to have adult contact with his girlfriend.

complaint is to be sent to attorneys Jay Denne and Robert Tiefenthaler.

**IT IS SO ORDERED** this 30th day of December, 2013.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa